IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ervin Edmond Hagan, ) | Civil Action No.: 9:19-2591-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Ervin Edmond Hagan's ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

**BACKGROUND**

Plaintiff filed for disability insurance benefits on December 12, 2017, alleging disability beginning on May 7, 2017, because of cervical, right shoulder, right hip, and

bilateral knee strains; carpal tunnel syndrome; lower extremity SI radiculopathy on both sides; lumbosacral spondylosis; migraines and post-traumatic headache syndrome; left rotator cuff tendonitis; tinnitus; TBI; and bilateral flat feet with degenerative arthritis. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). After the hearing, which was held on February 4, 2019, the ALJ issued a decision dated February 19, 2019, finding that Plaintiff was not disabled from his alleged onset date through the date of the decision. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on September 13, 2019.

Plaintiff was forty-four years old at the time he alleges he became disabled and was forty-six years old at the time of the ALJ's decision. He has a high school education and past relevant work in military tactical intelligence operations.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 7, 2017, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, degenerative joint disease, post-traumatic stress disorder, and neurocognitive disorder. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff has the residual functional capacity to perform less than a full range of light work as defined in 20 C.F.R. § 404.1567(b), specifically, that Plaintiff: lift/carry up to 20 pounds occasionally and 10 pounds frequently; can stand, walk, and sit for 6 hours in an 8-hour workday; can perform frequent operation of foot controls; can occasionally climb ladders/ropes/scaffolds and stoop and frequently climb ramps/stairs, kneel, crouch, and crawl; can have no exposure to loud background noise or workplace hazards; can concentrate sufficiently in 2-hour increments to perform simple, repetitive tasks; can have occasional and casual contact with the general public; can respond appropriately to occasional changes in the work setting/procedure; and cannot perform work in a team setting or perform production pace rate work. The ALJ found that Plaintiff is unable to perform past relevant work but that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant nmbers in the national economy that Plaintiff can perform. Thus, the ALJ found that Plaintiff has not been under a disability from May 7, 2017, through the date of the decision. (*See* ECF No. 19-2 at 15-27.)

## II.     The Court's Review

In his brief, Plaintiff asserts (1) that the ALJ failed to properly assess the opinion from the Veteran's Administration ("VA") finding that Plaintiff had a 100% disability rating, and (2) that the ALJ did not explain his findings regarding Plaintiff's residual functional capacity ("RFC") as required by Social Security Ruling 96-8p.

The Magistrate Judge considered each of the issues raised by Plaintiff, first finding no merit to Plaintiff's argument that the ALJ failed to properly assess the VA opinion finding

that Plaintiff had a 100% disability rating. As the Magistrate Judge properly explained, for claims filed on or after March 27, 2017, including the claim in this case, the Social Security Administration's previous regulations regarding opinion evidence, i.e., 20 C.F.R. § 404.1527 and 416.927, have been rescinded, and the rules set forth in 20 C.F.R. §§ 404.1520c and 416.920c now apply. In addition, as the Magistrate Judge further explained, under the current regulations, a decision by another governmental agency, including a VA opinion, is "[e]vidence that is neither valuable nor persuasive" such that the Social Security Administration "will not provide any analysis about how we considered such evidence in our determination or decision, even under [§§ 404.1520c and/or 416.920c]." *See* 20 C.F.R. §§ 404.1504, 416.904 (providing that the Social Security Administration "will not provide any analysis in our determination or decision about a decision made by another government agency or nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits"). Ultimately, therefore, the Magistrate Judge found no error in the ALJ's consideration of the VA's opinion of disability, and the Magistrate Judge noted that the ALJ specifically stated that he reviewed the records underlying the VA decision from the period prior to Plaintiff's alleged onset date.

In his objections, Plaintiff acknowledges the change in the regulations and applicable law but asserts that the information provided by the VA is more detailed than a statement of disability. Plaintiff argues that he was treated for symptoms related to impairments that are well-documented in the VA notes and that the ALJ failed to consider the consistency between the VA treatment notes and the treatment notes from other physicians. (ECF No. 31 at 1-2.) Plaintiff claims that "[c]onsidering the new regulations and the emphasis placed on supportability and consistency of the evidence, [ ] remand is required for the ALJ to

consider how the evidence supports the limitations designated by the VA." (*Id.* at 3.)

After review, the Court finds Plaintiff's objection entirely unavailing. First, as the Magistrate Judge correctly determined, the applicable regulations specifically provide that an ALJ will not provide any analysis of a VA disability determination. Furthermore, as the Magistrate Judge also explained, the ALJ noted the VA rating and specifically stated that he reviewed and considered the many records that covered the period prior to Plaintiff's alleged onset date. In fact, the ALJ discussed many of the treatment records from the VA, as well as the treatment records from Plaintiff's other medical providers. Ultimately, therefore, the Court agrees with the Magistrate Judge that the ALJ complied with the applicable regulations and that substantial evidence supports the ALJ's analysis of the medical records, including the treatment records from the VA relating to the time prior to Plaintiff's alleged onset date. Thus, the Court overrules Plaintiff's objection.

In her Report, the Magistrate Judge next considered Plaintiff's claim that the ALJ failed to adequately explain the RFC findings in accordance with Social Security Ruling 96-8p. After consideration, the Magistrate Judge found that the ALJ extensively discussed the evidence he relied on in making his RFC determination and that the ALJ explained his reasons for crediting some of Plaintiff's subjective complaints and not crediting Plaintiff's more extreme alleged limitations and specifically summarized his findings. The Magistrate Judge then specifically evaluated the ALJ's consideration of Plaintiff's headaches and found that Plaintiff is essentially asking the Court to reweigh conflicting evidence.

Plaintiff objects to this portion of the Magistrate Judge's Report and asserts that the Magistrate Judge fails to explain how the ALJ properly evaluated Plaintiff's headaches. Specifically, Plaintiff asserts that the ALJ's discussion of the medical evidence regarding

his headaches is conclusory and that the Report fails to show how the evidence supports the ALJ's statement that Plaintiff "complained of headaches in the past, but not recently." (ECF No. 19-2 at 25.)

After review, the Court agrees with the Magistrate Judge and the Commissioner that Plaintiff is essentially asking the Court to re-weigh the evidence. Here, as the Magistrate Judge explained, although the ALJ did not find Plaintiff's headaches to be a severe impairment, the ALJ did find that Plaintiff's neurocognitive disorder was a severe impairment, and the medical records include references to Plaintiff's headaches as a result of or in connection with his neurocognitive disorder. As the Magistrate Judge further explained, the ALJ referenced Plaintiff's testimony regarding his headaches and specifically discussed medical evidence from the VA, Dr. McCaffrey, Dr. Lindaberry, and Dr. Dylewski regarding Plaintiff's treatment. Moreover, the ALJ offered sufficient reasons for finding Plaintiff's subjective complaints to not be fully supported. Although Plaintiff points to certain evidence to which the ALJ did not specifically cite, it is clear that the ALJ considered Plaintiff's headaches in evaluating Plaintiff's RFC–for example, by limiting Plaintiff to simple, repetitive tasks with no exposure to loud background noise,[1] and the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's finding that Plaintiff's headaches were not of disabling severity. Thus, the Court overrules Plaintiff's objection.

In her Report, the Magistrate Judge also considered Plaintiff's assertion that the ALJ failed to explain how the RFC accounts for Plaintiff's moderate difficulties in mental

---

[1] The Court also notes as a practical matter that Plaintiff has not identified any additional limitations the ALJ should have included in the RFC due to his headaches.

impairments. Ultimately, the Magistrate Judge found that, unlike in *Mascio*, 780 F.3d 632 (4th Cir. 2015), the ALJ in this case considered Plaintiff's moderate limitations in concentration, persistence, or pace not just by limiting Plaintiff to simple, repetitive tasks, but also by finding that Plaintiff could respond appropriately to occasional changes in the work/setting procedure and could not perform pace rate work.

Next, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to explain the provisions included in the RFC to address Plaintiff's moderate limitations in interacting with others as well as Plaintiff's argument that the ALJ erred by failing to include any provision as to his interaction with co-workers and supervisors. First, the Magistrate Judge explained that there is no indication that *Mascio* applies to the domain of interacting with others, but that, even assuming it does, there is no requirement that the ALJ make a specific finding as to Plaintiff's ability to interact with supervisors. In all, the Magistrate Judge found that the ALJ adequately considered and accounted for Plaintiff's moderate limitations in interacting with others by limiting Plaintiff to occasional and casual contact with the general public and to no work in a team setting. Because the Magistrate Judge found that substantial evidence supports the ALJ's findings in this regard, the Magistrate Judge found no reversible error.

Finally, the Magistrate Judge determined whether the Commissioner considered the combination of Plaintiff's impairments, ultimately finding that the ALJ properly considered the combined effect of the impairments at each step of the sequential evaluation process and that the ALJ's discussion and analysis is adequate for the Court to properly review the ALJ's consideration of Plaintiff's combination of impairments.

Plaintiff does not specifically object to the Magistrate Judge's finding that the ALJ

adequately considered and accounted for Plaintiff's moderate limitations in concentration, persistence, or pace or his moderate limitations in interacting with others. Nor does Plaintiff specifically object to the Magistrate Judge's finding that the ALJ properly considered the combined effects of Plaintiff's impairments. After review, the Court finds no error in the Magistrate Judge's thorough and well-reasoned analysis, and the Court adopts findings by the Magistrate Judge.

## CONCLUSION

Based on the foregoing, it is hereby ordered that the Magistrate Judge's Report (ECF No. 30) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 31) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 9, 2021
Charleston, South Carolina